Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1116 | **DATE** | 3/19/2013 |
| **CASE TITLE** | Williams vs. County of Cook, et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Williams's Motion for Appointment of Counsel [4] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

On February 11, 2013, Plaintiff Paula Williams ("Williams") filed a Complaint with this Court and simultaneously moved for the appointment of counsel. For the reasons stated below, Williams's Motion for Appointment of Counsel is denied.

   Williams's brings this suit against various defendants, including Cook County, the Office of the Chief Judge of the Circuit Court of Cook County, the Cook County Juvenile Probation Department Chief Executive Officer, Michael Rohan, the Office of the Independent Inspector General of Cook County Chief Executive Officer, and AFSME Council 31Local 3477 (collectively, "Defendants"). Williams, a former employee of the Cook County Juvenile Probation Department, began her employment as a probations officer on November 17, 1995. Williams alleges the Defendants discriminated against her based on her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*; her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; and her race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by refusing to promote her and terminating her employment. Williams also alleges Defendants retaliated against her for asserting rights protected under the above statutes. Williams asks the Court to direct Defendants to restore her employment before September 1, 2013. Williams also asks the Court to direct Defendants to reevaluate her previous job title of Probation Officer II and promote her.

13C1116 Williams vs. County of Cook, et al

Page 1 of 3

# STATEMENT

Williams does not have an absolute right to court-appointed counsel in her civil suit. *Romanelli v. Suliene*, 615 F. 3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F. 3d 647, 655 (7th Cir. 2007) (en banc)). *See also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." In determining whether to make such a request, the Court must consider: (1) whether Williams has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether Williams appears competent to litigate the case herself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F. 2d 319, 321–22 (7th Cir. 1993)).

Williams states in her Motion that she has contacted the following organizations seeking representation: The Cook County Bar Association, the American Bar Association, the Northwestern Legal Clinic, the University of Chicago Legal Clinic, and the Becerra Law Group. Additionally, Williams names seven different individual attorneys she has contacted seeking representation in this matter. These efforts, according to Williams, have been unavailing and that she has been informed that her case requires "too much work and time needed." Williams also represents that she is not currently, nor has she previously been represented by an attorney appointed by the Court in this or any other case. Based on these representations, the Court finds that Williams has made reasonable attempts to obtain counsel.

After finding that a plaintiff has made reasonable attempts to obtain counsel, the Court must engage in a two-part inquiry that looks to both the difficulty of the plaintiff's claims and her competence to litigate those claims herself. *Pruitt*, 503 F.3d at 655 Here, "the question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.' " *Id.* (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). Rather, the question is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* This inquiry focuses not just on the trial stage of the proceedings, but the litigation as a whole. *See id.* ("The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.") (emphasis in original). "There are no presumptions for or against recruitment of counsel, whether based on the nature of the case *or* the degree of a plaintiff's competence." *Id.* at 656 (emphasis in original).

While "there are no fixed requirements for determining a plaintiff's competence to litigate [her] own case," the court "normally take[s] into consideration the plaintiff's literacy, communication skills, education level, and litigation experience." *Id.* at 655. Similarly, there are no "hard and fast rules for evaluating the factual and legal difficulty" of a plaintiff's claims, as the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases." *Id.* (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288–89 (7th Cir. 1995) Here, Williams, who has achieved a post-graduate level of education, is fluent in English, and was able to prepare and file her Complaint herself, appears capable of presenting her case. Furthermore, Williams's race, age, color, gender, and national origin discrimination claims do not appear to be so complex or intricate that a trained attorney is necessary.

The Court concludes that appointment of counsel is not warranted in this case because Williams appears competent to litigate this case herself. Accordingly, Williams's Motion for Appointment of Counsel is denied, without prejudice. Because the limited record makes it difficult to determine with certainty whether Williams will actually prove to be competent to litigate her own case, this court has the discretion, though not the obligation, to revisit this request "should future events prove the plaintiff less capable than the record indicated

| STATEMENT |
| --- |
| when the motion was denied." *Pruitt*, 503 F.3d at 656. |